IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Applicant, <br><br> v. <br><br> STERLING INFOSYSTEMS, INC. <br><br> Respondent. | MISC. ACTION NO. <br><br> 1:18 MC 88 |

MEMORANDUM IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW
CAUSE WHY AN ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED

Applicant Equal Employment Opportunity Commission ("EEOC" or "Commission") seeks an order to show cause why an administrative subpoena should not be enforced. The Commission is investigating a Charge alleging that an Employer failed to hire the Charging Party and other applicants, due to their race, black, since at least May 16, 2014, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*

In the course of this investigation, the Commission issued a subpoena to Respondent Sterling Infosystems, Inc. ("Respondent" or "Sterling") for documents relating to this investigation (*Declaration of Cleveland Field Office Director (FOD Decl.)* ¶ 4.d. and Attachment 5). Respondent has refused to produce the subpoenaed documents, and its continued refusal to provide the requested information has delayed and hampered this investigation (*FOD Decl.* ¶¶ 6 – 8).

I. BACKGROUND

On July 29, 2014, EEOC's Cleveland Field Office received a Title VII charge (EEOC Charge No. 532-2014-01651, *FOD Decl.* ¶¶ 3, 4.a. and Attachment 1) alleging that Employer

1

Alcoa Forging and Extrusions (Employer or Alcoa) violated Title VII when it failed to hire the Charging Party and other applicants, due to their race, black, since at least May 16, 2014. Charging Party alleges he received an Alcoa hire offer, that Sterling conducted a background investigation and Alcoa denied him hire, influenced by information in the background report. (Charge of Discrimination, *FOD Decl.* Attachment 1.)

EEOC served the Employer with notice of the Charge and transmitted the Charge to the Ohio Civil Rights Commission, which waived its initial processing (*FOD Decl.* ¶¶ 4.b and c and Attachments 2 and 3). On July 8, 2016 in the course of investigation, EEOC issued and served Subpoena Number CL-16-0033 on Sterling (*FOD Decl.* ¶ 4.d and Attachment 4), which received it July 12, 2016 (*FOD Decl.* ¶ 4.e and Attachment 5). The Subpoena's return date for mailing the subpoenaed documents was August 8, 2016, which was extended until August 31, 2016 as requested by Respondent's counsel to accommodate her leave schedule (*FOD Decl.* ¶¶ 4.d and 4.g and Attachments 4 and). The Subpoena seeks 14 categories of documents and data listed in Subpoena Attachment Section A, *Production Required* (*FOD Decl.* ¶ 4.d, Attachment 4).

Subpoena Section A, Items 1, 2, and 3 seek Respondent's contracts for services it agreed to provide to Alcoa, communications between Respondent and Alcoa about the information Respondent will obtain and process regarding Alcoa applicants and employees, and documents reflecting the process, standards, requirements, and criteria governing or applied to background checks or other information collection services Respondent provides to Alcoa.

Subpoena Section A, Item 4 seeks the background reports or other results of screenings Respondent has performed regarding Alcoa applicants or employees. Subpoena Section A, Item 5 seeks documents regarding any Alcoa applicant or employee that Respondent has accessed,

compiled, obtained, or relied upon. Subpoena Section A, Items 6 and 7 seek all the documents and data Respondent has received from or provided to Alcoa regarding its applicants and employees.

Subpoena Section A, Items 8 and 9, seek documents and data reflecting communications between Respondent and Alcoa's applicants and employees and between Respondent and Alcoa about any Alcoa applicants or employees or about any aspect of Respondent's services for Alcoa.

Subpoena Section A, Item 10 seeks all documents and data reflecting the race, gender, and/or national origin of Alcoa applicants or employees. Subpoena Section A, Item 11 seeks all consent forms, waivers, releases or other documents authorizing consumer reports for employment purposes, reflecting consent of any Alcoa applicant or employee to any kind of background report or authorizing Respondent or Alcoa to procure a consumer report for employment purposes. Subpoena Section A, Item 12 seeks disclosures made by Sterling or Alcoa to any Alcoa applicant or employee that a consumer report may be obtained for employment purposes. Subpoena Section A, Item 13 seeks documents containing information relating to the accuracy or reliability of the data or sources used by Respondent since January 1, 2009 to the present, including steps taken to insure the accuracy or reliability of the data or sources relating to background reports.

Subpoena Section A, Item 14 seeks production of an electronic database identifying all Alcoa applicants and employees for which Respondent prepared any background check from January 1, 2009 to the present and, for each such individual, data reflecting 28 categories of information (Items 14.a – cc). Items 14.a – d seek each identified individual's name and birth date. Items 14.e – g seek the individual's race, gender, and other applicant demographics. Items 14.h – j seek the individuals' address, telephone number, and social security number. Item 14.k seeks the

position applied for or offered. Items 14.l – m seek each individual's Alcoa applicant and employment status (such as applicant, conditional offer made, employee, temporary, contractor, terminated, resigned) at the time Respondent provided the background or screening service to Alcoa and whether the individual was or was not hired by Alcoa, including date of hire or date of non-selection. Item 14.n seeks the date authorized to begin performing Alcoa work for those individuals identified as temporary or contract workers.

Items 14.o – v seek the types of background check ordered, the types of background checks conducted, the status and results of each type of background check (including complete, clear, un-performable, pass, pass/review, review, fail, etc.), the dates each background check was ordered, dates each check was conducted, dates each check was completed, and the jurisdiction applying to each type of background check.

Items 14.w – y and 14.aa seek information regarding whether the individual's criminal background report revealed a record of arrest, charge, or conviction and, for each such record revealed, the date of the arrest, charge, or conviction, whether the revealed offense was a misdemeanor or felony, and the disposition date. For each such record revealed, Item 14.bb seeks data corresponding to the following terms used by Respondent or any of its sources of data: case type, case level, case status, arrest date, disposition date, charge type, original charge, and disposition.

Item 14.cc seeks a data dictionary or other explanation for the meaning or definition of each code, entry, value, field, and term that appears in any responsive database or the information found in or derived from the database. Subpoena Section A, Item 14, footnote 1 defines the requested electronic database, including the physical media (such as CD-ROM, DVD, etc.) and

the electronic file formats (such as MS Excel, MS Access, comma separated value files, etc.), and invited Respondent to contact EEOC to discuss other acceptable file formats. Further, "[i]mage files (such as .pdf or .tiff files) and printed copies of databases do not satisfy this definition of an electronic database." As stated in Item 14, footnote 1, and in Subpoena Section B, each responsive database must be produced with a unique identifier or key variable that allows information about persons whose information is produced or derived from each database or information collection to be linked to information about that person in another database or information collection.

Respondent submitted Objections and an untimely Petition to Revoke or Modify the Subpoena on August 1, 2016. (*FOD Decl.* ¶¶ 4.f. and 5 and Attachment 6). Respondent has refused to produce most of the subpoenaed information (*FOD Decl.* ¶¶ 4.f., 6 and 7.a. [Subpoena Section A, Items 3-9 and 11-13] and Attachment 6 responding in part for each such Item "Sterling will not produce documents responsive to Request No." 3-9 and 11-13).

The information Sterling has produced is not fully responsive (*FOD Decl.* ¶¶ 6 and 7.b. [Subpoena Section A. Items 2, 10, and 14]). Regarding Item 2, Sterling referenced only its contracts and service agreements with Alcoa (which it produced in response to Item 1) and refused to produce all documents and data reflecting the subpoenaed communications with Alcoa about what information Respondent will obtain concerning Alcoa applicants or employees, about what sources of information will be obtained and how Respondent will assess, analyze, summarize, score, report, or otherwise process such information (*FOD Decl.* Attachment 6 regarding Response to No. 2, p. 6-7 of 31).

Regarding Items 10 and 14, Sterling produced very limited information that was not responsive to the subpoenaed items (*FOD Decl.* Attachment 6 regarding Responses to No. 10 and

5

14, pgs. 14 and 20 of 31). Instead of producing an electronic database of 28 information types regarding all Alcoa applicants and employees for which Respondent prepared any background check from January 1, 2009 to the present, Respondent submitted a 356-page pdf list of over 16,000 lines each stating only a "BgOrderID", a "DateCreated" and a "Gender." (An excerpt of the first page of Respondent's 356-page list is provided at *FOD Decl.* ¶ 7.c, Attachment 8.) No data dictionary explaining or defining these terms was produced. No information was produced for any other of the 28 data categories subpoenaed in Item 14. The 356-page pdf list is not an electronic database as specified in the Subpoena.

## II. ARGUMENT

**A. Respondent failed to exhaust its administrative remedies and therefore has waived all objections to enforcement of the subpoena.**

A recipient of an EEOC subpoena who does not intend to comply must petition the EEOC to revoke or modify the subpoena within five days of service of the subpoena. 29 U.S.C. § 161; 42 U.S.C. § 2000e-9; 29 C.F.R. § 1601.16(b)(1). "A party's failure to attempt this administrative appeal procedure prevents the party from challenging the subpoena, except on constitutional grounds."[1] Respondent did not petition the EEOC to revoke or modify the subpoena within five days (excluding weekends and holidays) of its July 12, 2016 receipt of the subpoena, as required

---

[1] *EEOC v. County of Hennepin*, 623 F. Supp. 29, 31-32 (D. Minn. 1985). *Accord EEOC v. Cuzzens of Georgia, Inc.*, 608 F.2d 1062, 1063-64 (5th Cir. 1979); *EEOC v. City of Milwaukee*, 919 F. Supp. 1247, 1255 (E.D. Wis. 1996); *EEOC v. Roadway Express, Inc.*, 569 F. Supp. 1526, 1528-29 (N.D. Ind. 1983); *EEOC v. Ohio Bureau of Employment Services*, No. C-2-81-1265, U.S. Dist., LEXIS 11886, at *3-5 (S.D. Oh. Feb. 3, 1982); *see also EEOC v. Aerotek, Inc.*, 498 Fed. App'x. 645, 647-49 (7th Cir. 2013) (barred subpoena challenge because employer did not timely submit its petition to revoke or modify the subpoena); *EEOC v. Lutheran Soc. Servs.*, 186 F.3d 959, 964 (D.C. Cir. 1999) ("section 1601.16(b)(1)'s mandatory language creates a strong presumption that issues parties fail to present to the agency will not be heard in court").

by the statute and the related regulations (*FOD Decl.* ¶ 5). Consequently, all of Respondent's objections to subpoena enforcement, other than constitutional objections, should not be heard. Because Respondent cannot raise any constitutional objections, the subpoena must be enforced.

B.  **The Commission has authority to issue and enforce a valid subpoena.**

Even if Respondent's non-constitutional objections are considered, Respondent has no valid defense for failing to comply fully with the EEOC's Subpoena. EEOC subpoena-enforcement proceedings are summary in nature and involve only limited judicial review.[2] The Supreme Court recently reiterated the straightforward standard for enforcement of EEOC investigative subpoenas:

> A district court's role in an EEOC subpoena enforcement proceeding, we have twice explained, is a straightforward one. *See [EEOC v.] University of Pa.*, 493 U.S. [182], at 191 [(1990)], 110 S.Ct. 577...; *Shell Oil*, 466 U.S. at 72, n. 26 [(1984)], 104 S.Ct. 1621... A district court is not to use an enforcement proceeding as an opportunity to test the strength of the underlying complaint. *Ibid.* Rather, a district court should "'satisfy itself that the charge is valid and that the material requested is "relevant" to the charge.'" *University of Pa.*, 493 U.S., at 191, 110 S.Ct. 577... It should do so cognizant of the "generou[s]" construction that courts have given the term "relevant." *Shell Oil*, 466 U.S., at 68–69, 104 S.Ct. 1621... ("virtually any material that might cast light on the allegations against the employer"). If the charge is proper and the material requested is relevant, the district court should enforce the subpoena unless the employer establishes that the subpoena is "too indefinite," has been issued for an "illegitimate purpose," or is unduly burdensome. *Id.*, at 72, n. 26, 104 S.Ct. 1621...

---

[2]  *EEOC v. Randstad*, 685 F.3d 433, 442 (4th Cir. 2012)*EEOC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, 639 F.3d 366, 368 (7th Cir. 2011); *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 649 (7th Cir. 2002)); *EEOC v. Kloster*; *EEOC v. Maryland Cup Corp.cert. denied*, 479 U.S. 815 (1986); *see also EEOC v. Shell Oil Co.*, 466 U.S. 54, 81 (1984)'s investigations); *EEOC v. Dillon Cos.* (not allowing "an employer to turn a summary subpoena-enforcement proceeding into a mini-trial by allowing it to interpose defenses that are more properly addressed at trial"). (not allowing "an employer to turn a summary subpoena-enforcement proceeding into a mini-trial by allowing it to interpose defenses that are more properly addressed at trial").

*McLane Co. v. EEOC*, 581 U.S. —, 137 S.Ct. 1159, at 1165, 197 L.Ed.2d 500 (2017). A subpoena enforcement proceeding is a summary process to decide whether a subpoena should be enforced, but not to decide the merits of the underlying claim. *EEOC v. Roadway Express, Inc. (Roadway Express I)*, 750 F.2d 40, 42 (6th Cir. 1984). To successfully petition a court to enforce an administrative subpoena, the Commission needs only to show that the subpoena is within the agency's authority and the information sought is relevant to the investigation[3]. , too indefinite, or issued for illegitimate purpose.[4]

### B.1. The subpoena is within the agency's authority.

Congress has authorized and mandated that EEOC investigate charges of discrimination alleging that Title VII has been violated. 42 U.S.C. § 2000e-5(b). Congress provided the Commission broad powers of access to records of entities against whom charges have been filed, 42 U.S.C. § 2000e-8(a) and to subpoena any evidence "that relates to any matter under investigation or in question," 29 U.S.C. § 161(1); 42 U.S.C. § 2000e-9. The Commission's subpoena power extends to witnesses who themselves are not respondents in the charge being investigated, so long as their evidence relates to a charge being investigated.[5] The EEOC is

---

[3] *McLane*, 137 S.Ct. at 1165; *Univ. of Pa. v. EEOC*, 493 U.S. 182, 191 (1990)*EEOC v. Shell Oil Co.*, 466 U.S. 54, 72 n. 26 (1984); 685 F.3d at 442; *s Home Serv.*, 644 F.3d 742, 746 (8th Cir. 2011); *Konica Minolta*; *United Air Lines*, 287 F.3d at 649;*EEOC v. Children 'en banc*, 711 F.2d 780, 788 (7th Cir. 1983). *'s Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (*en banc*); *EEOC v. A.E. Staley Mfg. Co.*, 711 F.2d 780, 788 (7th Cir. 1983).

[4] *McLane*, 137 S.Ct. at 1165; , 63 F.3d 642, 645 (7th Cir. 1995); *EEOC v. Citicorp Diners Club*, 985 F.2d 1036, 1040 (10th Cir. 1993); 785 F.2d at 475-76; *s Hosp. Med. Ctr.*, 719 F.2d at 1428; *EEOC v. C & P Tel. Co.*, *EEOC v. C & P Tel. Co.*, 813 F. Supp. 874, 875 (D.D.C. 1993).

[5] *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1096 (6th Cir. 1974) (broad investigatory power extends to compel evidence from non-charged union relating to investigation of employer). Subpoena power under 29 U.S.C. §161 is not limited to the person against whom the charge or complaint has been filed. *Link v. NLRB*, 330 F.2d 437 (4th Cir. 1964) (upheld subpoena power against detective agency to provide evidence relevant to an investigation against

investigating a Charge alleging that the Employer engaged in race discrimination in violation of Title VII. The Charge includes allegations of discrimination arising from the Employer's denial of hire to Charging Party based on information contained in a consumer report after Respondent conducted a background check of Charging Party. It further alleges that the Employer denied hire to other applicants based on their race. Respondent has been providing services to the Employer since 2006 (*FOD Decl.* ¶ 4.f, Attachment 6, p. 5-6). EEOC's investigation and the Subpoena, which seeks documents and data relating to services, including background checks, that Respondent provides or has provided to the Employer, are within the agency's statutory authority under Title VII. .

### B.2. All procedural prerequisites have been fulfilled.

A valid charge has been filed, and the Subpoena contains all the information required by EEOC's regulations. 29 C.F.R. § 1601.16(a)Title VII subpoena);[6]*see also Shell Oil*, 466 U.S. 67-74 (requirement of valid Title VII charge); 29 C.F.R. § 1601.12 (contents of charge).Respondent cannot allege that these basic requirements have not been met. Charges "shall be in writing under oath and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e-5(b). Before investigating, the EEOC does not need to make an initial showing of" *EEOC v. Franklin & Marshall Coll.*, 775 F.2d 110, 115-16 (3d Cir. 1985), *cert. denied*, 476 U.S. 1163 (1986), or that the charge is "well founded"verifiable" or has

---

an employer that was an alleged client of the detective agency); *see also, NLRB v. Lewis*, 310 F.2d 364 (7th Cir. 1962) (subpoena power not limited to charge respondents and extends to any relevant witness or evidence).

[6] 29 C.F.R. § 1601.16(a)"The subpoena shall state the name and address of its issuer, identify the person or evidence subpoenaed, the person to whom and the place, date, and the time at which it is returnable or the nature of the evidence to be examined or copied, and the date and time when access is requested. A subpoena shall be returnable to a duly authorized investigator or other representative of the Commission.""

"some basis in fact," *Shell Oil*, 466 U.S. at 60, 71-72 & n.26, 75-77.[OBJOBJ] Further, w7"the possibility of discrimination pervading all areas of the company's employment." *Quad/Graphics*, 63 F.3d at 647[OBJ]. *Quad/Graphics*, 63 F.3d at 647.

### B.3. The information sought is relevant and not overbroad.

The information sought by the Subpoena is relevant to this Title VII investigation. The concept of relevancy in an EEOC investigation is broader than during litigation. Title VII Section 709(a) grants the Commission access to any evidence that relates to unlawful employment practices covered by Title VII and is relevant to the charge under investigation. 42 U.S.C. § 2000e-8(a). "Since the enactment of Title VII, courts have generously construed the term 'relevant' and have afforded the Commission access to virtually any material that might cast light on the allegations against the employer." *Shell Oil* Co., 466 U.S. at 68-69; *EEOC v. Roadway Express, Inc. (Roadway Express II)*, 261 F.3d 634, 639-40 (6th Cir. 2001).

> Although "the relevancy standard places some limitation on the scope of the EEOC's investigative authority[,] . . . courts have 'generously construed the term 'relevant' and have afforded the Commission access to virtually any material that might cast light on the allegations against the employer.'". . . *(quoting EEOC v. Shell Oil Co.*, 466 U.S. 54, 68-69, 104 S. Ct. 1621, 80 L. Ed. 2d 41 (1984)). Thus, § 2000e-8(a)'s "relevancy limitation does not . . . force the EEOC only to review evidence concerning the specific charge." *Roadway Express I, 750 F.2d at 43*; *EEOC v. Cambridge Tile Mfg. Co., 590 F.2d 205, 206 (6th Cir. 1979)* ("Notions of relevancy at the investigatory stage are very broad, and so long as the EEOC is not wandering into wholly unrelated areas, . . . we hold that the Commission has the power to investigate and thus to subpoena documents concerning any employer practice which may shed light on the discrimination charged.").

*EEOC v. UPS*, 859 F.3d 375, 378 (6th Cir. 2017) (enforced subpoena for electronic evidence that provides context for determining whether discrimination has taken place, despite the fact the evidence concerned employees who were not similarly situated to the charging party).

---

7   *See also Schwan's Home Serv.*"a charge is valid regardless of the strength of its evidentiary foundation").).

10

The Commission does not need to present a "specific reason for disclosure" of the requested information, *Univ. of Pa.*, 493 U.S. at 194. The established rule is that the term "relevant" is properly understood "generously" to permit the EEOC "access to virtually any material that might cast light on the allegations against the employer." *Shell Oil*, 466 U.S. at 68-69. A district court deciding whether evidence is relevant "must simply answer the question cognizant of the agency's broad authority to seek and obtain evidence." *McLane Co. v. EEOC*, 137 S.Ct. at 1169.[8]

Here, the Charge alleges that the Employer discriminated against black job applicants individually and as a class in hiring. The allegations further indicate that a Sterling background check is part of the Employer's hiring process and that Charging Party was denied employment because of information contained in the consumer report the Employer obtained on him. (*See FOD Decl.* Attachment 1.) The subpoenaed information constitutes "material that might cast light on the allegations against the employer." The subpoenaed documents contain information regarding the matter the Commission is investigating and are related to the Employer's hiring practices – including the Sterling background reports. A charge is "'a starting point' for a reasonable investigation by the Commission, which may then 'include in its deliberations (and base its determinations on) all facts developed in the course of a reasonable investigation of that charge...'" *EEOC v. General Electric Co.*, 532 F.2d 359, 364 (4th Cir. 1976) (internal citations omitted). The Commission may investigate "any discrimination stated in the charge itself or developed in the course of a reasonable investigation of that charge..." *Id.* at 366; *see also EEOC*

---

[8] *See also Roadway Express II*, 261 F.3d at 639-40; *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 113 (4th Cir. 1997); *Sandsend Fin. Consultants, Ltd v. Federal Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989) *(quoting EEOC v. Elrod*, 674 F.2d 601, 613 (7th Cir. 1982)) (administrative subpoena may seek any information that "touches a matter under investigation"); *EEOC v. Univ. of Pittsburgh*, 643 F.2d 983, 986 (3d Cir. 1981).

11

*v. Chesapeake & Ohio Railway Co.*, 577 F.2d 229, 231-232 (4th Cir. 1978); *EEOC v. Hearst Corp.*, 553 F.2d 579, 580-581 (9th Cir. 1977). In this case the subpoenaed documents and data (related to Respondent's background reports regarding the Employer's applicants and employees) are directly related to the Employer's hiring practices as alleged in the charge.

The scope of the Subpoena is not overly broad. The Charge alleges that the Employer violated Title VII when it failed to hire the Charging Party and other applicants, due to their race, black, since at least May 16, 2014. The Charging Party alleges he received an Alcoa hire offer, that Sterling conducted the background investigation, and Alcoa denied him hire influenced by information in the background report (*FOD Decl.* Attachment 1). The Subpoena reflects the Title VII Charge's scope.

The subpoenaed information "might cast light on the allegations against the employer." It is not uncommon for EEOC to request several years' worth of data during investigation. *See e.g.*, *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44 (6th Cir. 1994) (enforcing subpoena reaching back 3 years and 300 days preceding the charge); *Randstad*, 685 F.3d at 448 (enforcing subpoena seeking data from 2005 through 2009, and in so doing, noting that "we defer to an agency's own appraisal of what is relevant so long as it is not obviously wrong"); *Maryland Cup*, 785 F.2d at 475-76 (enforcing a subpoena for, *inter alia*, employee race, sex, job classification, promotions, and salary, from 1976-1980, noting the evidence before the charge was filed in 1979 was "relevant and material to the question of whether the company engaged in a pattern of discrimination").

The temporal scope of the Subpoena should not be narrowed. The Commission has broad discretion to establish the temporal scope of its investigation and has done so here by establishing a scope of January 1, 2009 to the present for its requests for records relating to analysis of the

accuracy or reliability of Respondent's data and other sources (Item 13) and for a database of information relating to Alcoa applicants and employees for whom Respondent prepared any background check or other screening (Item 14).[9, 10] Moreover, even in cases involving discrete harms such as a failure to hire on a specific date, which may be outside an applicable timeliness limitation, evidence of an employer's prior acts is relevant and admissible in later litigation.[11] "[A]n alleged perpetrator of discrimination cannot be allowed to pick and choose the evidence necessary for an agency investigation." *University of Pa.*, 493 U.S. at 193, *quoting Franklin & Marshall*, 775 F.2d at 116. The Commission's requests for complete information about potentially discriminatory employment practices alleged in the Charge, including Sterling's background reporting, are relevant to this investigation.

### B.4. The Commission's subpoena is not unduly burdensome.

Respondent's burden of proving that the administrative subpoena is unduly burdensome is not easily met. *Maryland Cup*, 785 F.2d at 477. "A court will not excuse compliance with a subpoena for relevant information simply upon the cry of 'unduly burdensome.'" *EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993). Subpoena compliance is not

---

[9] The temporal scope for the other Items in the Subpoena is established by virtue of the timeframe when Respondent first began providing services to the Employer, which Respondent asserts is in 2006.

[10] *See Randstad*, 685 F.3d at 451 (subpoena's thirteen-office five-year scope was not unreasonable exercise of EEOC discretion); *EEOC v. Kronos, Inc.*, 620 F.3d 287 (3d Cir. 2010) (district court abused its discretion in limiting temporal scope of subpoena otherwise only limited by whatever length of time the Employer had been using the subpoenaed third-party's test; "Evidence related to the employment practice under investigation prior to and after [the] charge provides valuable context that may assist the EEOC in determining whether discrimination has occurred.").

[11] *Gibson v. Shelley*, 314 Fed. Appx. 760, 767-68 (6th Cir. 2008) (upheld use of pre-bar date acts to support timely claim of discrete discrimination, *citing Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).

13

excused on grounds of burdensomeness unless the respondent proves that compliance seriously threatens to disrupt or hinder the normal operation of its business.[12]

The Respondent carries a "difficult burden." *United Air Lines*, 287 F.3d at 653. Conclusory allegations that it would be burdensome to respond to the subpoena are not sufficient to meet the Respondent's difficult burden. *Konica Minolta*, 639 F.3d at 371; *United Air Lines*, 287 F.3d at 653. The *Maryland Cup* court found it was not unduly burdensome to require respondent to spend $75,000 (in 1986 dollars) to compile information given that the respondent did not prove that this cost was burdensome in light of its normal operating costs or that gathering the information would seriously threaten its operation. *Maryland Cup*, 785 F.2d at 479. In *Citicorp*, 985 F.2d at 1040, the employer submitted evidence that compliance with the subpoena would take two full-time employees six months, but the court rejected the claim of burdensomeness because the respondent did not offer any estimate of cost or prove how compliance would impact its normal operations. In *Randstad*, 685 F.3d at 452, the Fourth Circuit rejected Respondent's undue burden defense, where Respondent presented an affidavit that compiling the subpoenaed evidence would take 120 hours of worker time costing between $14,000-$19,000 but did not proffer evidence of its normal operating costs or that compliance would seriously disrupt its business.

An argument that the Subpoena imposes an undue burden on this Respondent's business will fall far short of the standard. Conclusory allegations are not sufficient to prove that the Subpoena should not be enforced due to undue burdensomeness. Whether a subpoena is unduly burdensome is viewed "in the light of the company's normal operating

---

[12] *Randstad*, 685 F.3d at 451; *Quad/Graphics*, 63 F.3d at 648; *Citicorp Diners Club*, 985 F.2d at 1040.

costs." *Id.* For the fiscal year ending December 31, 2016, Respondent's sales revenue was $786 million, and it had 3,700 employees (*see* LEXISNEXIS Company Intelligence excerpt attached to this Memorandum as Exhibit 1). Respondent faces an uphill struggle to prove that its cost of subpoena compliance will be unduly burdensome in light of its vast size and resources.

Gathering the requested information would not seriously "threaten [Respondent's] normal business operations." Discriminatory hiring practices due to race could affect many applicants and employees, and if providing information regarding those applicants and employees causes some disruption in Respondent's operations, it is an unavoidable result of the existence of antidiscrimination laws. *EEOC v Roadway Express, Inc.*, 580 F. Supp. 1063, 1067 (W. D. Tenn. 1984), *aff'd,* 750 F.2d 40 (6th Cir. 1984). "If the information or records sought is relevant or material to the charge under investigation and the EEOC proceeds as authorized by the statute, then any inconvenience or difficulty (which is actually inherent in any compulsory process proceeding) must be considered as a 'part of the social burden of living under government.'" *Id.*

Respondent will not meet its difficult burden. Objecting that the subpoenaed information is unnecessary so that compliance costs outweigh the value of the information second-guesses EEOC's judgment about the conduct of the investigation and is no defense to enforcement of the subpoena. Respondents cannot be allowed to pick and choose the evidence which may be necessary for an EEOC investigation. *Univ. of Pa.*, 493 U.S. 182, 193 (1990) *(quoting Franklin & Marshall,* 775 F.2d at 116).

### III. CONCLUSION

For the foregoing reasons, the Court should enforce the Commission's subpoena. The

subpoena seeks information relevant to a valid charge of discrimination that is within the Commission's enforcement authority. Respondent will not prove that complying with the subpoena would be unduly burdensome, especially given its vast size and resources.

The Commission therefore urges the Court to issue the accompanying proposed Order to Show Cause (attached as Exhibit 2) and, after giving the Respondent an opportunity to be heard, issue an Order directing the Respondent to comply with the Subpoena.[13]

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington, DC

DEBRA M. LAWRENCE
Regional Attorney
EEOC-Philadelphia District Office

KATE M. NORTHRUP
Supervisory Trial Attorney
EEOC-Baltimore Field Office

_____
Senior Trial Attorney
Jeffrey A. Stern (Ohio Bar No. 0020107)
Jeffrey.Stern@eeoc.gov
(216) 522-7458

---

[13] To the extent Respondent contends the Fair Credit Reporting Act prohibits Respondent from producing consumer information in response to the Subpoena (*see, e.g., FOD Decl.*, Attachment 6, p. 6), EEOC's prayed for Order enforcing the Subpoena will provide a permissible purpose for such disclosure and eliminate any basis for such an objection. 15 U.S.C. § 1681b(a)(1)(the "order of a court" provision).

/s/ Jessi Isenhart
Senior Trial Attorney
Jessi Isenhart
Jessi.Isenhart@eeoc.gov
(216) 522-7676

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Cleveland Field Office
AJC Federal Bldg.
1240 East Ninth St., Ste. 3001
Cleveland, OH 44199
(216) 522-7430 (fax)